## PACIFIC LAND & WATER CO. v. HARTSOUGH

No. 3069.   Decided October 15, 1917.   (168 Pac. 552.)

1. ADVERSE POSSESSION—NECESSITY OF OCCUPATION, USE, AND INCLOSURE. Whether a tax deed to the south half of a section, a few acres of which defendant had inclosed, occupied, and cultivated, was color of title or not, defendant acquired no title by adverse possession to the land outside of his inclosure, where no part of it was inclosed by a substantial fence, or otherwise, or occupied or used.[1] (Page 584.)

2. ADVERSE POSSESSION—ELEMENTS OF ADVERSE POSSESSION. Where defendant and his predecessors had been in actual, open, and adverse possession of a few acres of land since about the year 1899, and for seven successive years had paid taxes thereon, and they were inclosed, occupied, and cultivated, title was acquired by adverse possession. (Page 584.)

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by Pacific Land & Water Company against Albert E. Hartsough.

From a decree for plaintiff for part of the relief sought, defendant appeals; and from so much of the decree as is in favor of the plaintiff brings a cross appeal.

AFFIRMED.

*Nebeker, Thatcher & Bowen* for plaintiff.

*George Halverson* for defendant.

GIDEON, J.

---

[1] *Central Pac. Ry. Co.* v. *Tarpey,* 51 Utah —, 168 Pac. 554.

Plaintiff seeks to quiet title to the south half of Sec. 35, Tp. 15 N., R. 13 W., S. L. M., in Box Elder County. Defendant denies plaintiff's ownership, and claims the title, possession, and right of possession by reason of adverse occupancy under color of right and the payment of taxes for more than seven years. Defendant asks for a decree quieting his title. Trial was before the court. Findings were made from which it appears that the lands in question are a part of the lands granted by the government to the Central Pacific Railroad Company; that a patent issued to that company for said premises September 5, 1896; that by mesne conveyances the legal title to the premises was, at the date of the institution of suit, in the plaintiff. The court further found that in 1884 or 1885 a fence was constructed inclosing approximately eight acres of the southeast quarter of said section, and that about the year 1899 O. L. Ryan entered into the actual possession of the land within said inclosure, and from that time on the said O. L. Ryan and his grantees, the defendant being the last, had the actual possession of all of the land inclosed within such fence, but prior to the year 1910 no other part of said half section was inclosed, occupied, used, or cultivated by the defendant or his predecessors, but that the part so inclosed was occupied, used, and cultivated, and that such possession of the part inclosed since 1904 had been held adverse to all the world and against the plaintiff and its predecessors; that neither the plaintiff nor any of its predecessors had been in possession of any part of the premises within such inclosure since the year 1899. The court further found that in the year 1898 said section 35 was assessed by the county assessor of Box Elder County, where said land is situated, to the Durham Land & Cattle Company and that the said taxes so levied were not paid, and on February 6, 1899, the section was sold to Box Elder County for delinquent taxes and a tax sale certificate issued therefor to such county; that thereafter, on October 31, 1900, the said O. L. Ryan paid to Box Elder County one-half of the taxes assessed against said section and the cost of sale and received from the county auditor an assignment of the tax sale certificate aforesaid;

that the south half of the section was not redeemed from such tax sale, and on the 29th day of January, 1904, the said O. L. Ryan received a tax deed from the county clerk of that county for the south half of that section; that on the date of the receipt of said tax deed, and prior thereto, the said Ryan was in possession of that part of the south half of said section within the inclosure, but was not in the actual possession of any other part of said land; that for the years 1900, 1901, 1902, and 1903 said section was assessed to George W. Emery, who then held the legal title, and all said taxes were paid by him; that in the year 1904 the said section was again assessed to said Emery and the taxes were paid by him, but in that year the south half of the section was also separately assessed to O. L. Ryan and said taxes were paid by him; that during the years 1905, 1906, 1907, and 1908 the entire section was assessed to Emery and the south half of said section was also in each year separately assessed to O. L. Ryan, and the taxes were paid by each of said parties on the lands so assessed to them for each of said years; that for the years 1909 and 1910 the south half of the section was assessed to Ryan, but was not assessed to Emery, and for the years 1911 and 1912 said south half of said section was assessed to the defendant Hartsough and was not assessed to Emery. The defendant Hartsough has title by mesne conveyance from said O. L. Ryan.

From the findings of fact the court made conclusions adjudging the plaintiff to be the owner of all of the south half of said section except such part as is within the inclosure, approximately eight acres, and adjudged that the plaintiff should repay to the defendant all amounts paid by him or his predecessors as taxes upon said premises, and, as further conclusions of law, that the defendant Hartsough was the owner of the premises within such inclosure, which are described in the findings. Decree was entered accordingly. From that judgment, except the part adjudging the defendant to be the owner of the premises within the inclosure, Hartsough appeals to this court.

The defendant, in his answer, seems to rely upon occupancy adverse to the plaintiff without basing his right upon any paper title. However, at the trial the tax deed mentioned in the findings was admitted in evidence, and the court made findings thereon and as conclusions of law determined that the tax deed was void, and gave no right to the defendant thereunder. That is assigned as error. The court made further findings that at no time prior to the year 1910 had the defendant or his predecessors inclosed by substantial fence or otherwise, or occupied or used, any part of the premises except such as was inclosed. By reason of such findings the admission of that deed in evidence, and the conclusions deduced therefrom, become immaterial, whether the deed created color of title or not. The conclusions reached by this court in *Central Pac. Ry. Co.* v. *Tarpey,* 51 Utah, —, 168 Pac. 554, decided at this term, is, in view of the court's findings aforesaid, decisive of this case, and on the authority of that case the rulings of the district court assailed by the defendant must be affirmed.

Plaintiff cross-appeals from that part of the decree adjudging defendant Hartsough the owner of the premises within the inclosure, consisting of about eight acres of land, and also from that part of the judgment restraining it from making any claim of right or title to said premises or any part thereof. The finding of the court that the defendant and his predecessors have been in actual, open, and adverse possession of those particular premises since about the year 1899 is supported by the evidence, and the record discloses that during seven successive years of that time defendant and his predecessors paid the taxes assessed against the premises. The court did not, for that reason, err in adjudging the defendant to be the owner of such premises inclosed. There is substantial evidence in the record to support all of the court's findings.

It follows from the foregoing that the judgment of the district court should be affirmed. Such is the order. Neither party to recover costs on this appeal.

FRICK, C. J., McCARTY, CORFMAN, and THURMAN, JJ., concur.